### Circuit Court of Lucas County.

### Ellen St. Aubin v. City of Toledo.

#### Decided, January 16, 1909.

*Res Judicata—Decision Adjudging Petition Defective and Directing a Verdict for the Defendant—Does not Preclude the Bringing of Another Action.*

A decision of the common pleas court holding a petition insufficient in that it fails to state facts justifying its submission to the jury, and directing a verdict for the defendant, is not *res judicata* of an issue of fact in another suit based upon the same cause of action and between the same parties.

*Peter Emslie*, for plaintiff.

*C. A. Northup* and *C. H. Masters*, for defendant.

Wildman, J.; Parker, J., and Kinkade, J., concur.

Error to Lucas Common Pleas Court.

This is an error proceeding to reverse a judgment of the court of comon pleas rendered in favor of the defendant below, who is the defendant here, upon the sustaining of a general demurrer to plaintiff's petition. Although the petition in the first instance clearly discloses facts originally constituting a cause of action, it adds allegations which are claimed by defendant to show that the right of the plaintiff is barred by a prior adjudication. The petition does allege the beginning of a former suit, its partial trial, a motion to arrest the case from the jury and says in substance that the court, holding the petition to be insufficient, directed a verdict for the defendant. It is not averred that either a verdict or judgment was rendered. There is in the present case, however, no demurrer on the special ground that the former action is still pending; and while the petition does not in terms say that the former suit went out of court upon the court's directing the jury to return a verdict, it is evident that the pleader really intended to charge that. Indeed,

counsel on both sides have construed this petition as treating the former action as at an end, as having been disposed of by the direction of the court to the jury to render a verdict. In one of the adjudications of the Supreme Court it is stated, in substance, that the rendering of a verdict by the jury after the court has directed one to be rendered is little more than a technical or formal thing. That the submission of a case to the court on motion to direct a verdict, and the ruling of the court upon that motion, is a decision of the issues to such an extent that it is treated as the final submission to the court, so that a party is not thereafter permitted to dismiss his cause without prejudice. That was held in a case in the Cuyahoga circuit in which I sat with two of the judges of that circuit, *Turner* v. *Car Co.*, 9 C. C.—N. S., 65 (affirmed, *Turner* v. *Car Co.*, 79 Ohio St., —), although the court at the time the plaintiff attempted to dismiss had not really directed the verdict, but had only expressed its intention to do so, having upheld the contentions of the defendant. We are disposed then to construe this petition somewhat liberally and broadly, but in accordance with the construction which has been placed upon it by counsel on both sides, as alleging that the former action was determined, and as assuming that the jury did what they undoubtedly should have done and probably did do, render a verdict as directed by the court, and that the court thereafter did what the court was required to do, that is, render a judgment upon the verdict in favor of the defendant. That being so, the question is, is that an adjudication of the cause of action so as to bar the present suit?

The case of *Rafferty* v. *Traction Co.*, 1 C. C. —N. S., 538, was decided by this court while Judges Parker, Hull and Haynes constituted its membership. The opinion was rendered by Judge Hull and the syllabus is:

"A cause of action does not become *res adjudicata* by reason of the fact that a former suit, involving the same subject-matter was dismissed on the grounds that the petition did not state facts sufficient to constitute a cause of action.

"A plaintiff in such a case stands in the position of one to whose petition a demurrer has been sustained; and the fact that no demurrer was interposed, but instead a motion to exclude

the plaintiff's evidence and direct a verdict for the defendant, which was granted and judgment rendered on such verdict, does not change the position of the plaintiff nor render his suit *res adjudicata.*"

This case went to the Supreme Court and was affirmed as entitled, *Toledo Trac. Co.* v. *Rafferty,* 71 Ohio St., 497, and the affirmation by the Supreme Court is important, in view of the fact that it is said by the Supreme Court, although the case is unreported in other respects, that the judgment is affirmed on the grounds stated in the opinion of the Circuit Court of Lucas county, *Rafferty* v. *Traction Co., supra.* In other words, the Supreme Court seem to have endorsed the views expressed by Judge Hull.

The petition before me in the case at bar states that upon the former petition the court concluded that the petition was insufficient, that it did not state facts, and for that reason directed the jury to render a verdict for the defendant. It is impossible for us in view of this allegation to distinguish the case before us from *Rafferty* v. *Traction Co., supra.* In other words, we are compelled to hold that the decision of the court of common pleas in the former suit begun by Ellen St. Aubin, that the petition therein was insufficient in that it did not state facts to justify letting the case go to the jury, and the consequent direction of a verdict for the defendant, did not adjudicate the issue of fact presented in the present suit, and I have already said that the present petition in other respects than those referred to is abundantly sufficient. We think, therefore, that the court below erred in holding that the demurrer should be sustained to this petition upon the ground that the petition does not state facts constituting a cause of action. Lor that reason the judgment is reversed and the cause remanded with directions to overrule the demurrer to the petition, and for further proceedings according to law.